## TERRE HAUTE, VANDALIA AND INDIANA RAILROAD COMPANY

v.

## JOHN W. GOODWIN.

PRACTICE — FAILURE OF APPELLEE TO FILE BRIEF — REVERSAL PRO FORMA.—Where the appellee fails to file a brief in accordance with the rules of this court, the judgment or decree will be reversed *pro forma*, unless the court on examination of the record should deem it proper to decide the case on its merits.

APPEAL from the Circuit Court of Effingham county; the Hon. JOHN H. HALLEY, Judge, presiding. Opinion filed August 1, 1879.

Messrs. GILMORE & WHITE and Mr. JOHN G. WILLIAMS, for appellant; that the lessee of a railroad is the owner for the purposes of taxation, cited Kennedy v. St. L. V. & T. H. R. R. Co. 62 Ill. 395; Huck v. C. & A. R. R. Co. 86 Ill. 352.

The property sought to be charged has paid all taxes assessed against it: Rev. Stat. Chap. 120, § 163.

An injunction will lie to restrain the sale of property for the taxes of another: Deming v. James, 72 Ill. 78.

The capital stock should be distributed to the several counties: Rev. Stat. Chap. 120, § 110.

If there is no legal valuation there is no legal tax: Town of Lebanon v. O. & M. R'y Co. 77 Ill. 539; Hersey v. Supervisors, 37 Wis. 75; Marsh v. Supervisors, 42 Wis. 502; Boyle v. City of Brooklyn, 71 N. Y. 1; First Nat. Bank v. Cook, 77 Ill. 622; Mix v. The People, 72 Ill. 241; W. U. Tel. Co. v. Leib, 76 Ill. 272; Leachman v. Dougherty, 81 Ill. 324.

Unless the warrant authorizes distraint and sale, no levy can be made: Rev. Stat. Chap. 120, § 137; Wise v. Estham, 30 Ind. 133.

A decree dissolving an injunction, where this is the only relief sought, may be appealed from: Prout v. Lomer 79 Ill. 331; Blake v. Blake, 80 Ill. 523; Rev. Stat. Chap. 69, § 21.

PER CURIAM. In this case, the appellant filed its bill in chancery in the Circuit Court of Effingham county, making the appellee as collector of taxes of Cumberland county, together with the collector of taxes (by name) of the counties of Clark, Effingham, Fayette, Bond, Madison and St. Clair, parties defendant, for the purpose of enjoining them from collecting a certain tax known as capital stock tax, assessed against the St. L. V. & T. H. R. R. Co. lessor of the complainant, by levy and sale of the property of the complainant. An injunction having been obtained, a motion for the dissolution thereof was made by the appellee alone, and upon a hearing in vacation the circuit judge made an order as moved, dissolving the injunction as to the appellee, but not as to the defendants, who had not joined in the motion. From this order the complainant appealed, and has filed abstracts and briefs, as required by the rules of this court. No brief has been filed by the appellee. The 28th rule of this court provides, that in case of failure by the appellee to file his brief within the prescribed time, the judgment or decree will be reversed *pro forma*, unless the court on examination of the record, " shall deem it proper to decide the case upon its merits." We have examined the record and find that it presents important questions, the determination of which may seriously affect the other parties to the suit, and conceding without admitting the propriety of considering a motion for dissolution of instruction as to one defendant, as under the circumstances in this case, when there were others similarly situated who did not join in the motion, we do not think this is an instance where, under the rule above quoted, it would be " proper to decide the case on its merits."

The decree is therefore reversed *pro forma*, and the cause remanded under the rule.

Reversed and remanded.